IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH R. TURBERG, III, | } | |
| TDCJ-CID NO.1396019, | } | |
| Plaintiff, | } | |
| v. | } | CIVIL ACTION H-08-3522 |
| NATHANIEL QUARTERMAN, | } | |
| Defendant. | } | |

OPINION ON DISMISSAL

Plaintiff Joseph R. Turberg, III, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. §1983, alleging that defendant Nathaniel Quarterman subjected him to cruel and unusual living conditions, denied him access to the courts, abused his authority, and violated the 13th Amendment. (Docket Entry No.1). Plaintiff states no other facts with respect to these general claims. He has, however, attached twelve pages of grievances to the complaint and filed approximately 120 pages of documents, including Step 1 and Step 2 grievances. (Docket Entries No.5, No.7, No. 8, No.9, No.10, No.12, No.13, No.30, No.33). Plaintiff seeks to amend his complaint by adding new defendants but he does not allege specific facts or cognizable claims against such defendants. (Docket Entry No.22). Plaintiff seeks federal oversight of TDCJ's activities and equitable and monetary relief. (Docket Entries No.1, No.15, No.22).

In his More Definite Statement, plaintiff states that he seeks relief from those officials named in the grievances that he has filed with the Court. (Docket Entry No.28). He also indicates that the specific claims against each defendant may be found in the text of the grievances that he has submitted. Plaintiff states, "I've done my best to create a paper trail for the Courts and federal investigation, I must at times be purposely vuage [sic] for my own

1

protection." (*Id.*). Plaintiff indicates that he would need his grievances to state the personal involvement of each defendant although he states a few general claims against specific defendants.[1] He alleges no facts to support these claims.

For the reasons to follow, the Court will dismiss this action with prejudice.

## DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e), and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not

---

[1] Plaintiff alleges that the following defendants violated his rights: (1) Ricky L. Elledge and Ms. Baldwin committed obstruction of justice and denial of access to the courts; (2) Correctional Officer Nestor filed a false statement and the disciplinary staff in the matter violated due process by forcing plaintiff to sign a legal document involuntarily; (3) Correctional Officer Davis conducted illegal strip searches in front of female staff and retaliated when a grievance was filed; (4) the UCC ignored physical handicap and medical restrictions and assigned jobs causing injuries; (6) Susan Bauer refused to process or resolve grievances and committed fraud; and (7) wardens and TDCJ officials in Huntsville ignored complaints about conditions. (Docket Entry No.28). Plaintiff also alleges that there are many other violations of state, federal, and international law which are being permitted. (*Id.*).

2

exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Id.* (internal citations and quotations omitted).  A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face.  *Id.* at 570.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  (*Id.*).

In this case, plaintiff relies on the Court to flesh out the facts underlying his general claims of all kinds of violations against institutional defendants from the grievances attached to his original pleading and the supplements that he presumably intends to incorporate into his complaint.  Under Rule 12(b)(6), "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."  *Lovelace v.*

3

*Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  This Court, however, is not required to scour exhibits, grievances, letters, or other documents to determine the specific facts that give rise to a claim against one or all defendants.  Plaintiff has not alleged sufficient facts in any of his pleadings that would give rise to a plausible claim against any defendant; therefore, his complaint is subject to dismissal.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's motion to amend (Docket Entry No.22) is GRANTED.

2. The present civil rights action is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. All claims against all defendants are DISMISSED.

4. All pending motions, if any, are DENIED.

It is so ORDERED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 27th day of October, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE